```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| SHARON ANN POWERS,<br><br>           Plaintiff,<br><br>     v.<br><br>CAMDEN COUNTY CORRECTIONAL<br>FACILITY,<br><br>           Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>    Civil Action<br>No. 16-9391(JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Sharon Ann Powers, Plaintiff Pro Se
208 Briarwood Road
West Berlin, NJ 08071

**SIMANDLE, Chief District Judge:**

**I.    INTRODUCTION**

   Sharon Ann Powers seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Correctional Facility ("CCCF"). Complaint, Docket Entry 1.

   At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below it is clear from the complaint that the claim arose more than two years before the complaint

was filed. It is therefore barred by the two-year statute of limitations that governs claims of unconstitutional conduct under 42 U.S.C. § 1983. The Court will therefore dismiss the complaint with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

## II. BACKGROUND

Plaintiff alleges that she was detained in the CCCF from November 15 to November 26, 2013 as well as from March 13, 2014 to May 24, 2014. Complaint § III. She further alleges that she was detained in "disgusting inhumane conditions" and had to "sleep on the floor." She further alleges that during the 2014 detention, she was pregnant and still forced to sleep on the floor. *Id.*

## III. STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service of the summons and complaint in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**IV. DISCUSSION**

Plaintiff's complaint alleges that she experienced unconstitutional conditions of confinement while she was detained in the CCCF from November 15 to November 26, 2013 and from March 13, 2014 to May 24, 2014. Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the

3

action is based.'" *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)).

The allegedly unconstitutional conditions of confinement at CCCF, namely the alleged overcrowding, would have been immediately apparent to Plaintiff at the time of her detention; therefore, the statute of limitations for Plaintiff's claims expired May 24, 2016 at the latest, before this complaint was filed on December 20, 2016. Plaintiff has filed her lawsuit too late. Although the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of her cause of action, there are no extraordinary circumstances that prevented Plaintiff from filing her claim, and there is nothing to indicate Plaintiff filed her claim on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

As it is clear from the face of the complaint that more than two years have passed since Plaintiff's claims accrued, the complaint is dismissed with prejudice, meaning she may not file an amended complaint concerning the events of November 15 to November 26, 2013 and March 13, 2014 to May 24, 2014. *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam)

(affirming dismissal with prejudice due to expiration of statute of limitations).

**V. CONCLUSION**

For the reasons stated above, the complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.  p

**April 28, 2017**                    **s/ Jerome B. Simandle**
Date                                  JEROME B. SIMANDLE
                                      Chief U.S. District Judge